**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

VICTORIA SETHUNYA,

    Plaintiff - Appellant,

v.

TIKTOK, INC.; C3780792 TIKTOK,
INC.; META PLATFORMS, INC.;
FACEBOOK, INC.,

    Defendants - Appellees.

No. 24-4045
(D.C. No. 2:22-CV-00678-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Victoria Sethunya, appearing pro se, appeals the district court's judgment in favor of defendants on her copyright-infringement and tort claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Sethunya created a video and posted it on TikTok and Instagram.  TikTok is an internet-based social-media platform provided by defendant TikTok, Inc., and Instagram is an internet-based social-media platform provided by defendant Meta Platforms, Inc. (formerly Facebook, Inc.) ("Meta").  Users of these platforms incorporated content from Sethunya's video into their own videos without Sethunya's permission.  Sethunya asked TikTok and Meta to stop this unauthorized use of her content, claiming it infringed her copyright in the video.  Defendants deleted some of the videos but not all.

Sethunya then filed this action pro se.  In the operative second amended complaint ("SAC"), she asserted defendants were liable for copyright infringement.  She also advanced claims against TikTok sounding in tort based on allegations that TikTok's users racially and sexually harassed her when commenting on her live-stream videos.

TikTok filed a motion under Federal Rule of Civil Procedure 12(b)(6) seeking to dismiss the SAC for failure to state a claim to relief.  TikTok argued that Sethunya authorized the allegedly infringing uses of her video when she agreed to TikTok's terms of service, which granted TikTok and its users an irrevocable, non-exclusive license to use, download (users only), modify, adapt, reproduce, make derivative works of, publish, transmit, and distribute her user content, *see* R. vol. I at 74. TikTok also argued that section 509 of the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230, barred Sethunya's claims based on comments by

2

TikTok's users, and that Sethunya failed to allege sufficient facts to state a claim to relief regarding the comments posted by other users.

A magistrate judge recommended that the district court dismiss the copyright claim against TikTok based on the license Sethunya had granted when she agreed to TikTok's terms of service. The magistrate judge rejected Sethunya's arguments that she lacked capacity to enter into a contract due to her post-traumatic stress disorder and that TikTok's terms of service violate federal law because they require users to violate the law.[1] The magistrate judge also recommended declining to exercise supplemental jurisdiction over any state law claims against TikTok because Sethunya failed to allege sufficient facts to establish diversity jurisdiction over such claims under 28 U.S.C. § 1332.

Meta also filed a Rule 12(b)(6) motion to dismiss. Meta argued that Sethunya authorized the allegedly infringing uses of her video when she agreed to Instagram's terms of service, which granted Meta a "non-exclusive . . . license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works of [her] content" until it was "deleted from [Meta's] systems," R. vol. I at 145. Meta also argued that Sethunya failed to plead sufficient facts to overcome the safe-harbor provision of section 202(c) of the Digital Millenium Copyright Act, 17 U.S.C. § 512(c), and that she failed to show Meta was actually involved in the alleged infringement other than by merely operating Instagram.

---

[1] Because the license was a sufficient basis for recommending dismissal of the copyright claim, the magistrate judge declined to address TikTok's CDA argument.

3

The magistrate judge converted Meta's motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 56 and recommended granting summary judgment on the copyright claim based on the license Sethunya had granted Meta when she agreed to Instagram's terms of service. The magistrate judge rejected Sethunya's arguments that she lacked capacity to enter into a contract due to her post-traumatic stress disorder and that infringement occurred when others posted her video on Instagram before she did. In the alternative, the magistrate judge recommended dismissal of the copyright claim based on § 512(c)'s safe-harbor provision.[2] The magistrate judge also recommended declining to exercise supplemental jurisdiction over any state law claims Sethunya may have raised against Meta because Sethunya failed to allege sufficient facts to establish diversity jurisdiction over such claims under 28 U.S.C. § 1332.

Sethunya filed objections to the recommendations. The district court noted that Sethunya failed to raise any specific objections to the effect of the licenses the magistrate judge found Sethunya had granted to defendants. The district court therefore reviewed that aspect of the recommendations for clear error and found none.[3] Next, the district court treated Sethunya's argument that diversity jurisdiction

---

[2] Because the license and the § 512(c) grounds were sufficient bases for recommending summary judgment on the copyright claim, the magistrate judge declined to address Meta's actual-involvement argument.

[3] Although the district court found that Sethunya raised specific objections to the magistrate judge's recommendation regarding Meta's § 512(c) defense, the court declined to reach that issue because its ruling that the licenses foreclosed Sethunya's

existed in the district court as a specific objection to the magistrate judge's

recommended disposition of the state law claims against both defendants.  The court

therefore reviewed that aspect of the recommendations de novo and concluded that

Sethunya's second amended complaint failed to allege facts supporting diversity

jurisdiction.  For these reasons, the district court granted the defendants' respective

motions.  Sethunya timely appealed.

## II.  Standard of review

We review de novo a district court's grant of a Rule 12(b)(6) motion to

dismiss and its decision to grant summary judgment.  *See Albers v. Bd. of Cnty.*

*Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014) (motion to dismiss); *Rivero v. Bd. of*

*Regents of Univ. of N.M.*, 950 F.3d 754, 758 (10th Cir. 2020) (summary judgment).

Because Sethunya represents herself, we liberally construe her pro se filings, but we

may not act as her advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir.

2008).

## III.  Discussion

### A.   Copyright claims

As the district court noted, Sethunya failed to raise any specific objections to

the court's ruling that the licenses she granted to defendants required dismissal of, or

summary judgment on, her copyright claims.  This court has "adopted a firm waiver

rule" regarding objections to a magistrate judge's recommendations.  *United States v.*

---

copyright claim was an independent basis for granting summary judgment on that
claim.

*2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). To avoid waiving appellate review of factual and legal questions, "a party's objections to [a] magistrate judge's report and recommendation must be both timely *and specific*." *Id.* at 1060 (emphasis added). This means the objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* The firm waiver "rule does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (italics and internal quotation marks omitted).

Although Sethunya filed timely objections to the magistrate judge's recommendations, we agree with the district court that she did not raise any specific objections to the recommendation to dismiss or grant summary judgment on the copyright claims based on the licenses she granted to defendants. Thus, the firm waiver rule applies unless one of the two exceptions applies. The first exception does not apply because the magistrate judge provided the required warning in each of the recommendations. To satisfy the second exception, Sethunya must show that the district court committed plain error. *See id.* at 1122 (holding that the "interests of justice standard" includes, at a minimum, plain-error review). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1122–23 (internal quotation marks omitted).

6

Sethunya fails to show plain error. The district court correctly ruled that Sethunya's copyright claims against both defendants failed because she had granted them non-exclusive licenses that encompass the allegedly infringing uses of her video. *See Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) ("A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement."). Sethunya's only arguments specifically touching on that ruling are that defendants' terms of service "are unconscionable and therefore unenforceable," and that she "did not fully understand what she agreed to when signing up for [their] service[s]." Aplt. Br. at 9.[4] These conclusory arguments are wholly inadequate to show plain error in the district court's ruling. Sethunya has therefore waived appellate review of that ruling. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").[5]

---

[4] Sethunya also argues that the district court erroneously applied the CDA. This argument rests on a misunderstanding of the district court's ruling. The magistrate judge recommended dismissal of the copyright claim against Tiktok based on the CDA, but the district court did not rely on this ground because its license-based ruling was adequate to dismiss the claim.

[5] Sethunya's bald attempt to "reaffirm[] her position as articulated in all relevant" district court filings, Aplt. Br. at 2, is of no avail. "[T]his court is under no obligation to consider arguments not fully set forth in a party's appellate brief, including arguments incorporated by reference to prior pleadings or other materials." *United States v. Gordon*, 710 F.3d 1124, 1137 n.15 (10th Cir. 2013) (internal quotation marks omitted). We take this path here, declining to consider any arguments Sethunya purports to assert through incorporation by reference to her district court filings, whether bearing on the disposition of her copyright claims or otherwise.

## B.    State law claims

Sethunya raises no argument that the district court erred in dismissing her state law claims based on her failure to allege any facts in the SAC establishing diversity jurisdiction under 28 U.S.C. § 1332.  She has therefore waived appellate review of that ruling.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

## C.    Other arguments

Sethunya raises two general claims of error.  She argues the district court ignored "critical evidence (such as emails or recordings) that directly supported [her] claims."  Aplt. Br. at 11; *see also id.* at 13 (substantially the same).  But she does not identify any of that evidence or explain how it would have altered the district court's disposition of her claims.  She also contends the district court ignored "contract-related issues such as [f]raud or [m]isreprentation[] and [i]mpossibility of [p]erformance" she says she raised "multiple times."  *Id.* at 11.  But she does not develop this argument either.  She has therefore waived our review of these arguments.  *See Becker*, 494 F.3d at 913 n.6.

Sethunya also advances multiple new claims, including that defendants violated her right to privacy and publicity, breached their contractual obligations regarding data protection and privacy or otherwise failed to protect her personal information and privacy, negligently monitored harmful content, and violated consumer protection laws.  Because she did not raise these claims in the SAC, she "is

8

barred from raising [them] on appeal." *Callahan v. Poppell*, 471 F.3d 1155, 1161 (10th Cir. 2006). Moreover, her attempt to advance these claims on appeal is wholly conclusory, so she has waived our review of them. *See Becker*, 494 F.3d at 913 n.6.

## IV. Conclusion

We affirm the district court's judgment. We deny as moot Sethunya's request for an injunction pending appeal, which she embedded in her appellate brief. We deny her Motion to Request a Partial Seal and Submit Only Redacted Documents because the documents she seeks to seal or redact either are already redacted in the manner she requests, do not implicate an adequate privacy interest, exist in unredacted form in the district court, are public records or videos posted on TikTok or Instagram, or do not appear to exist in the record before this court. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (to overcome presumption against sealing, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process" (internal quotation marks omitted)). We deny as moot Sethunya's request that the court waive the requirement that she submit USB thumb drives containing video files because the court already has the files.

Entered for the Court


Nancy L. Moritz
Circuit Judge

9